■ In the Matter of SAMUEL SPEVACK, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— This is a proceeding to discipline respondent, an attorney at law, for professional misconduct. The issues of fact were referred to a Referee for a hearing and for a report setting forth his findings upon the issues. The Referee, after holding an extensive hearing, has filed his report setting forth findings which are partly in favor of the respondent and partly adverse to him. The petitioner now moves to confirm the Referee's report and for the imposition of an appropriate measure of discipline upon respondent. While originally 10 charges were made against respondent, only one survives for our consideration; further reference to this one surviving charge will be made below. As to eight of the charges, the petitioner offered no proof and has in effect abandoned them. As to the ninth charge, the Referee found that petitioner had failed to sustain the burden of proof and that respondent was not guilty. The remaining tenth charge — the sole charge now in issue — is that respondent refused to honor a subpœna duces tecum duly served upon him, in that he had refused to produce his financial records and had refused to testify before the Justice presiding at said Judicial Inquiry; and that such refusal constituted a breach of his inherent duty as an attorney and counselor at law to divulge to the court all pertinent information bearing upon his character and fitness and upon his conduct and practices as a lawyer. The learned Referee has found, and the respondent does not deny that, while at times he may have wavered in his refusal, his refusal finally became intransigent and absolute. Respondent's sole defense is that his refusal was based on the ground that the production of his records and his testimony would tend to incriminate him; that he was entitled to rely on the relevant State and Federal constitutional provisions protecting him against self incrimination; and that

as a matter of law such reliance on the constitutional provisions cannot be made the basis of any disciplinary action by this court. Our view, as previously stated, is that a lawyer, like any other citizen, has an absolute right to invoke his constitutional privilege against self incrimination and to refuse to supply the pertinent information; but that when a lawyer does so he fails in his inherent duty to the court to divulge all pertinent information necessary to show his character and fitness to remain a member of the Bar and necessary to the proper administration of justice, and he must, consequently, forfeit his privilege of remaining a member of the Bar (*Matter of Cohen* [*Hurley*], 9 A D 2d 436, affd. 7 N Y 2d 488, affd. 366 U. S. 117, rehearing den. 374 U. S. 857, 379 U. S. 870). As we stated in *Cohen* (pp. 448–449): "To avoid any possible doubt as to our position, we state again that the basis for any disciplinary action by this court is, not the fact that respondent has invoked his constitutional privilege against self incrimination, but rather the fact that he has deliberately refused to co-operate with the court in its efforts to expose unethical practices and in its efforts to determine incidentally whether he had committed any acts of professional misconduct which destroyed the character and fitness required of the privilege of remaining a member of the Bar." In our opinion, the doctrine which we enunciated in *Cohen* has been in no way undermined or impaired by any contrary holding in the subsequent case of *Malloy* v. *Hogan* (378 U. S. 1), as urged by respondent. In that case, the petitioner had been held in contempt and imprisoned in consequence of his refusal to answer questions on the ground that his testimony would tend to incriminate him. But the petitioner there was not a member of the Bar and, of course, his right to retain his membership in the Bar, despite his refusal, was in no way involved. Under the circumstances, this court has no alternative other than to disbar the respondent. If he elects to invoke his constitutional privilege against self incrimination and thus avoid exposure to criminal prosecution — an election which undoubtedly is his to make — he cannot at the same time retain his privilege of membership at the Bar. To that doctrine this court must adhere. Accordingly, the petitioner's motion to confirm the Referee's report is granted; the Referee's findings are confirmed; and, on the basis of his unchallenged finding that respondent refused to testify and to produce his records, the respondent is disbarred and his name directed to be struck from the roll of attorneys and counselors at law in the State of New York, effective October 1, 1965. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.